COPY

ADR

ORIGINAL
FILED

OCT 24 2007

MICHAEL W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

1  KARL J. KRAMER (CA SBN 136433)
   KATHERINE NOLAN-STEVAUX (CA SBN 244950)
2  MORRISON & FOERSTER LLP
   755 Page Mill Road
3  Palo Alto, California  94304-1018
   Telephone: 650.813.5600
4  Facsimile: 650.494.0792
   kkramer@mofo.com
5  knolanstevaux@mofo.com

6  Attorneys for Plaintiffs
   THE BOARD OF TRUSTEES OF THE LELAND STANFORD
7  JUNIOR UNIVERSITY; STANFORD HOSPITAL AND
   CLINICS; LUCILE PACKARD CHILDREN'S HOSPITAL AT
8  STANFORD

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13  THE BOARD OF TRUSTEES OF THE            C07  05415  MEJ
    LELAND STANFORD JUNIOR UNIVERSITY,      Civil No. _____
14  STANFORD HOSPITAL AND CLINICS;
15  LUCILE PACKARD CHILDREN'S HOSPITAL
    AT STANFORD,                            COMPLAINT FOR
16                                          DECLARATORY RELIEF
                 Plaintiffs,
17                                          DEMAND FOR JURY TRIAL
          v.
18
    ADVANCED BIOLOGICAL LABORATORIES,
19  S.A.,
20               Defendant.

21

22        Plaintiffs The Board Of Trustees Of The Leland Stanford Junior University, Stanford

23  Hospital and Clinics, and Lucile Packard Children's Hospital at Stanford (collectively "Stanford")

24  by its undersigned attorneys, complains of Defendant and alleges as follows:

25        1.     This is an action for a declaratory judgment of patent noninfringement and

26  invalidity for the purpose of resolving a question of actual controversy between the parties, as

27  alleged herein.

28

    COMPLAINT FOR DECLARATORY RELIEF                                              1

COPY

1    KARL J. KRAMER (CA SBN 136433)
     KATHERINE NOLAN-STEVAUX (CA SBN 244950)
2    MORRISON & FOERSTER LLP
     755 Page Mill Road
3    Palo Alto, California  94304-1018
     Telephone: 650.813.5600
4    Facsimile: 650.494.0792
     kkramer@mofo.com
5    knolanstevaux@mofo.com

6    Attorneys for Plaintiffs
     THE BOARD OF TRUSTEES OF THE LELAND STANFORD
7    JUNIOR UNIVERSITY; STANFORD HOSPITAL AND
     CLINICS; LUCILE PACKARD CHILDREN'S HOSPITAL AT
8    STANFORD

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

13
     THE BOARD OF TRUSTEES OF THE            Civil No. _____
14   LELAND STANFORD JUNIOR UNIVERSITY,
     STANFORD HOSPITAL AND CLINICS;
15   LUCILE PACKARD CHILDREN'S HOSPITAL      **COMPLAINT FOR
     AT STANFORD,                            DECLARATORY RELIEF**
16
                         Plaintiffs,          **DEMAND FOR JURY TRIAL**
17
          v.
18
     ADVANCED BIOLOGICAL LABORATORIES,
19   S.A.,

20                       Defendant.

21

22        Plaintiffs The Board Of Trustees Of The Leland Stanford Junior University, Stanford

23   Hospital and Clinics, and Lucile Packard Children's Hospital at Stanford (collectively "Stanford")

24   by its undersigned attorneys, complains of Defendant and alleges as follows:

25        1.     This is an action for a declaratory judgment of patent noninfringement and

26   invalidity for the purpose of resolving a question of actual controversy between the parties, as

27   alleged herein.

28

     COMPLAINT FOR DECLARATORY RELIEF                                                              1

1

**PARTIES**

2          2.       Plaintiff The Board Of Trustees Of The Leland Stanford Junior University is a non-

3   profit body having corporate powers existing under the laws of the State of California, with its

4   principal place of business within this district at Stanford University, Stanford, California, 94305.

5          3.       Plaintiff Stanford Hospital and Clinics is a non-profit public benefit corporation

6   having corporate powers existing under the laws of the State of California, with its principal place

7   of business within this district at Stanford University, Stanford, California, 94305.

8          4.       Plaintiff Lucile Packard Children's Hospital at Stanford is a non-profit public

9   benefit corporation having corporate powers existing under the laws of the State of California,

10  with its principal place of business within this district at Stanford University, Stanford, California,

11  94305.

12         5.       On information and belief, Defendant Advanced Biological Laboratories, S.A.

13  ("ABL") is a limited liability company organized under the laws of Luxembourg, having its

14  principal place of business at 2, rue des Dalhias, L-1411 Luxembourg, Luxembourg.  On

15  information and belief, ABL is doing business in this judicial district.

16

**JURISIDICTION**

17         6.       This is an action for declaratory relief pursuant to 28 U.S.C. Sections 2201 and

18  2202.  This Court has jurisdiction over the action pursuant to 28 U.S.C. Sections 1338(a) (action

19  arising under and Act of Congress relating to patents) and 1331 (federal question).  There is a

20  substantial controversy between parties having adverse legal interests of sufficient immediacy to

21  warrant the issuance of a declaratory judgment.

22         7.       On information and belief, this Court has personal jurisdiction over ABL because

23  ABL has constitutionally sufficient contacts with California so as to confer personal jurisdiction in

24  this Court.  On information and belief, Defendant conducts and solicits business within this

25  district and elsewhere in California and derives substantial revenue from sales of products

26  allegedly protected by the Patents-in-Suit and from the licensing of the Patents-in Suit within this

27  district and elsewhere in California.  In particular, ABL has availed itself of California courts by

28

COMPLAINT FOR DECLARATORY RELIEF
pa-1199574                                                                                                          2

1    obtaining a license to use Stanford's HIV Resistance interpretation algorithm in its products,

2    including those allegedly protected by the Patents-in-Suit.

3    **VENUE**

4    8.    Venue as to Defendant ABL is proper in this judicial district under Title 28 of the

5    United States Code, Sections 1391(b), (c), and (d). A substantial part of the events giving rise to

6    the claims alleged herein occurred in this judicial district and ABL is subject to personal

7    jurisdiction in this district. On information and belief, ABL is an alien under 28 U.S.C. § 1391(d)

8    and may be sued in this district.

9    **INTRADISTRICT ASSIGNMENT**

10   9.    Pursuant to Local Rule 3-2(c), the Intradistrict Assignment rules are inapplicable to

11   this Complaint.

12   **THE PATENTS-IN-SUIT**

13   10.    On information and belief, Defendant ABL is the assignee of United States Patent

14   No. 6,081,786 ("the '786 patent") entitled "Systems, Methods and Computer Program Products

15   For Guiding The Selection of Therapeutic Treatment Regimens." The '786 patent on its face

16   indicates that it was assigned to Triangle Pharmaceuticals, Inc. A true and correct copy of the

17   '786 patent is attached as Exhibit A. On information and belief, the '786 patent was subsequently

18   assigned to Defendant ABL. A true and correct copy of the Assignments of Assignors Interests

19   for the '786 patent is attached as Exhibit B.

20   11.    On information and belief, Defendant ABL is the assignee of United States Patent

21   No. 6,188,988 ("the '988 patent") entitled "Systems, Methods and Computer Program Products

22   For Guiding The Selection Of Therapeutic Treatment Regimens." The '988 patent on its face

23   indicates that it was assigned to Triangle Pharmaceuticals, Inc. A true and correct copy of the

24   '988 patent is attached as Exhibit C. On information and belief, the '988 patent was subsequently

25   assigned to Defendant ABL. A true and correct copy of the Assignments of Assignors Interests

26   for the '988 patent is attached as Exhibit D.

27   //

28

COMPLAINT FOR DECLARATORY RELIEF
pa-1199574

3

## EVENTS GIVING RISE TO THIS SUIT

12.     Since the 1990's, researchers and physicians at Stanford have used the Stanford HIV Drug Resistance Database ("HIVDB") to help treat patents infected with HIV. The Database is a research tool, created in part by Dr. Robert W. Shafer, which places known HIV mutations into categories depending on how, if at all, a mutation correlates with resistance to a particular drug. For example, a doctor or researcher inputs the sequence of HIV taken from a patient or the particular mutations found in a patient into the Database. The Database then comes back with a list of categorized mutations: those with a strong correlation to drug resistance, weak correlations to drug resistance, or no correlation. Based on this information, the doctor or researcher determines what drugs might be used to treat the patient. A similar program is also used by the pathology department at Stanford University Hospital.

13.     In July 2006, Dr. Chalom Sayada, the co-founder of ABL, met at Stanford with Dr. Robert W. Shafer to discuss the HIV-related databases that Dr. Shafer was developing. These included the HIVDB program, as well as early versions of Art-AiDE and other databases.

14.     On July 17, 2006, Dr. Sayada met with in house counsel representatives for Stanford, including Luis Mejia, at Stanford to discuss whether Stanford would be interested in taking a license to the '786 and '988 patents.

15.     On December 12, 2006, Dr. Sayada emailed Mr. Mejia to reiterate that ABL believed that Stanford's Databases and practices read on ABL's patents and required licenses "at the soonest term." Dr. Sayada also forwarded to Mr. Mejia a copy of claim charts purporting to demonstrate infringement of ABL's patents by Johnson & Johnson products and suggested that Johnson & Johnson took a license to ABL's patents.

16.     On February 20, 2007, Dr. Sayada sent Stanford claim charts detailing how the use of Stanford's Databases in its hospital and research facilities allegedly infringed the '786 and '988 patents. Dr. Sayada stated in the email accompanying the charts that "our first analysis confirms and even actually accentuate[s] my earlier thoughts that the HIVDB product does require to be licensed to our patents." Dr. Sayada also identified that eCARE and ArtAiDE programs as products that competed with ABL's products and suggested that he could generate claim charts for

COMPLAINT FOR DECLARATORY RELIEF
pa-1199574

4

1    these products.  According to Dr. Sayada, "Stanford's products will be covered by a license to the
2    ['786 and '988] patents moving foreward [sic] (they will expire at least in 2018)."  He also
3    emphasized that the HIVDB created commercial value for many diagnostic laboratories
4    worldwide.

5          17.    On or about April 12, 2007, Dr. Sayada and representatives at Stanford held a
6    teleconference to address ABL's concerns that Stanford's activities required a license to the '786
7    and '988 patents.

8          18.    On April 12, 2007, ABL's litigation counsel, Mr. Ed Goldstein, emailed Stanford's
9    representatives to introduce himself as counsel for ABL "in connection with enforcement through
10   licensing and/or litigation of ABL's patents."  Mr. Goldstein informed Stanford that ABL had
11   already initiated litigation against another entity in the Eastern District of Texas.  Mr. Goldstein
12   also sought an agreement that, pending licensing discussions, neither ABL nor Stanford would
13   initiate litigation.  Stanford refused to enter into such an agreement.

14         19.    On June 10, 2007, Dr. Sayada emailed representatives at Stanford again to arrange
15   a discussion of the claim charts and the finalization of an agreement between the parties.  Dr.
16   Sayada also indicated that Stanford University appeared to be launching a new online product
17   "ArtAID" [sic]  that ABL believed required a license to its patents.

18         20.    On July 28, 2007, Dr. Sayada contacted Stanford emphasizing that ABL was
19   "actively enforcing the rights of [its] patents" and reiterating that Stanford's recent launch of an
20   HIV drug resistance service "shall be licensed to our patent."

21         21.    On August 17, 2007, Stanford's representative, Mr. Mejia, stated to Dr. Sayada that
22   Stanford believed that "there are significant and insurmountable invalidity challenges to the ABL
23   patents ('786 and 988)" and pointed to two prior art references as invalidating those patents.
24   Based on the invalidity challenges, Mr. Mejia informed Dr. Sayada that "further licensing
25   discussions or other action on the part of Stanford are [not] warranted at this time pending ABL's
26   responses. . ."

27         22.    On September 24, 2007, Dr. Sayada responded to Mr. Mejia's August 17th email
28   by reiterating that "we [i.e., ABL] do think that Stanford's practices, both at the Hospital and the

COMPLAINT FOR DECLARATORY RELIEF

University, require a license to ABL patents, on the HIV [database] first and also on some new products recently released as well. . . ."

23.    Plaintiff Stanford therefore seeks a judicial determination and a declaration of the respective rights and duties of Plaintiff and Defendant with regard to the '786 and '988 patents and Plaintiff's Databases.  There is a definite and concrete dispute between Stanford and ABL of a real and substantial nature.  A determination and declaration that Stanford has not infringed the '786 and '988 patents and that the '786 and '988 patents are invalid would constitute specific relief of a conclusive character.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief as to the '786 Patent)

24.    Stanford incorporates by reference paragraphs 2 through 23 above as though fully set forth herein.

25.    Stanford is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid, properly construed claim of the '786 Patent either literally or under the doctrine of equivalents.

26.    Stanford has not willfully infringed any claim of the '786 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief as to the '988 Patent)

27.    Stanford incorporates by reference paragraphs 2 through 26 above as though fully set forth herein.

28.    Stanford is not directly infringing, contributorily infringing, or actively inducing others to infringe any valid, properly construed claim of the '988 Patent either literally or under the doctrine of equivalents.

29.    Stanford has not willfully infringed any claim of the '988 patent.

## THIRD CLAIM FOR RELIEF
### (Declaratory Relief as to the '786 Patent)

30.    Stanford incorporates by reference paragraphs 2 through 29 above as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF
pa-1199574

6

1         31.     The '786 Patent is invalid and/or unenforceable because, inter alia, the '786 patent

2    was not obtained in a manner consistent with and required by the provisions of Title 35 of the

3    United States Code, and in particular because it fails to comply with at least the required

4    conditions for patentability under 35 U.S.C. §§ 102, 103, or 112.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Relief as to the '988 Patent)

7         32.     Stanford incorporates by reference paragraphs 2 through 31 above as though fully

8    set forth herein.

9         33.     The '988 Patent is invalid and/or unenforceable because, inter alia, the '988 patent

10   was not obtained in a manner consisteny with and required by the provisions of Title 35 of the

11   United States Code, and in particular because it fails to comply with at least the required

12   conditions for patentability under 35 U.S.C. §§ 102, 103, or 112.

### DEMAND FOR JURY TRIAL

14        34.     Pursuant to Fed. R. Civ. P. 38, Plaintiff Stanford hereby demands a trial by jury of

15   all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, STANFORD prays for judgment against Defendant as follows:

A.     A declaratory judgment that Plaintiffs do not infringe, either literally or under the doctrine of equivalents, contribute to the infringement of, induce the infringement of, or willfully infringe any claim of United States Patent Nos. 6,081,786 or 6,188,988;

B.     A declaratory judgment that each of the claims of the United States Patent Nos. 6,081,786 or 6,188,988 is invalid and/or unenforceable;

C.     That Defendant, its subsidiaries, affiliates, parent, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, be enjoined from asserting any claim of United States Patent Nos. 6,081,786 or 6,188,988 against Plaintiffs;

D.      That this case be deemed exceptional and that Plaintiffs be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E.      That Plaintiffs be awarded its costs of suit; and

F.      That Plaintiffs be awarded such other and further relief as the Court deems just and proper.


Dated:  October 24, 2007

KARL J. KRAMER
KATHERINE NOLAN-STEVAUX
MORRISON & FOERSTER LLP


By: _____
        Karl J. Kramer

Attorneys for Plaintiffs
THE BOARD OF TRUSTEES OF
THE LELAND STANFORD JUNIOR
UNIVERSITY; STANFORD
HOSPITAL AND CLINICS; LUCILE
PACKARD CHILDREN'S HOSPITAL
AT STANFORD