# EXHIBIT B

# Patent Assignment Abstract of Title
## NOTE:Results display only for issued patents and published applications.
## For pending or abandoned applications please consult USPTO staff.

**Total Assignments: 4**

**Patent #:** 6081786    **Issue Dt:** 06/27/2000    **Application #:** 09283702    **Filing Dt:** 04/01/1999

**Inventors:** DAVID W. BARRY, CAROLYN S. UNDERWOOD, BRUCE J. MCCREEDY, DAVID D. HADDEN et al

**Title:** SYSTEMS, METHODS AND COMPUTER PROGRAM PRODUCTS FOR GUIDING THE SELECTION OF THERAPEUTIC TREATMENT REGIMENS

**Assignment: 1**

**Reel/Frame:** 009884 / 0082    **Recorded:** 04/01/1999    **Pages:** 3

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignor:** COREPLAN, INC.    **Exec Dt:** 03/31/1999

**Assignee:** TRIANGLE PHARMACEUTICALS, INC.
4611 UNIVERSITY DRIVE
4 UNIVERSITY PLACE
DURHAM, NORTH CAROLINA 27707

**Correspondent:** MYERS BIGEL SIBLEY & SAJOVEC, P.A.
NEEDHAM J. BODDIE, II
P.O. BOX 37428
RALEIGH, NC 27627

**Assignment: 2**

**Reel/Frame:** 009884 / 0090    **Recorded:** 04/01/1999    **Pages:** 3

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignors:** BARRY, DAVID W.    **Exec Dt:** 03/31/1999

UNDERWOOD, CAROLYN S.    **Exec Dt:** 03/31/1999

MCCREEDY, BRUCE J.    **Exec Dt:** 03/31/1999

HADDEN, DAVID D.    **Exec Dt:** 03/31/1999

LUCAS, JASON L.    **Exec Dt:** 03/31/1999

**Assignee:** TRIANGLE PHARMACEUTICALS, INC.
4 UNIVERSITY PLACE
4611 UNIVERSITY DRIVE
DURHAM, NORTH CAROLINA 27707

**Correspondent:** MYERS BIGEL SIBLEY & SAJOVEC, P.A.
NEEDHAM J. BODDIE, II
P.O. BOX 37428
RALEIGH, NC 27627

**Assignment: 3**

**Reel/Frame:** 011300 / 0016    **Recorded:** 11/28/2000    **Pages:** 13

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignor:** TRIANGLE PHARMACEUTICALS, INC.    **Exec Dt:** 01/24/2000

**Assignee:** INTELLIGENT THERAPEUTIC SOLUTIONS, INC.
2505 MERIDIAN PARKWAY
DURHAM, NORTH CAROLINA 27713

**Correspondent:** HOGAN & HARLSON, LLP

CELINE JIMENEZ CROWSON
555 13TH STREET, N.W,
WASHINGTON, DC 20004

**Assignment: 4**

**Reel/Frame:** 014394 / 0199      **Recorded:** 03/03/2004      **Pages:** 6

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignor:** THERAPYEDGE, INC.      **Exec Dt:** 02/16/2004

**Assignee:** ADVANCED BIOLOGICAL LABORATORIES, SA
2 RUE DES DAHLIAS
THE LUXEMBOURG GRANDE DUCHE, LUXEMBOURG L-1411

**Correspondent:** EDWARDS & ANGELL, LLP
PETER F. CORLESS
P.O. BOX 55874
BOSTON, MA 02205

Search Results as of: 10/09/2007 09:38 AM

---

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
Web interface last modified: February 22, 2007 v.2.0

04-16-1999

## ASSIGNMENT RECORDATION FORM COVER SHEET

101011586

To the Honorable Commissioner of Patents and Trademarks:

April 1, 1999
**Attorney Docket No. 9045-2**

Please record the attached original documents or copy thereof.

| | |
|---|---|
| 1. Name of conveying party(ies):<br><br>**CorePlan, Inc.**<br><br><br><br><br>Additional name(s) of conveying party(ies) attached?    Yes _X_ No | 2. Name and address of receiving party(ies):<br><br>**Triangle Pharmaceuticals, Inc.**<br>4 University Place<br>4611 University Drive<br>Durham, North Carolina 27707<br><br><br>Additional name(s) & address(es) attached?    Yes _X_ No |

3. Nature of conveyance:

_X_ Assignment
_____ Merger
_____ Security Agreement
_____ Change of Name
_____ Other _____

Execution Date: **March 31, 1999**

4. Application Serial No. _____; Patent No. _____    09/283,702

If this document is being filed together with a new application, the execution date of the application
is: **April 1, 1999**

Additional numbers attached?    Yes _X_ No

| | |
|---|---|
| 5. Name and address of party to whom correspondence concerning document should be mailed:<br><br>**Needham J. Boddie, II**<br>**Myers Bigel Sibley & Sajovec, P.A.**<br>P. O. Box 37428<br>Raleigh NC 27627 | 6. Total number of applications and patents involved: 1<br><br>7. Total fee (37 CFR 3.41)    **$40.00**<br>    _X_ Enclosed<br>    _____ Authorized to be charged to deposit account<br><br>8. Deposit account number: 50-0220 |

DO NOT USE THIS SPACE

9. Statement and signature
*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy
of the original document.*

| | | |
|---|---|---|
| Needham J. Boddie, II, Reg. No. 40,519<br>Name of Person Signing | _signature_<br>Signature | April 1, 1999<br>Date |

Total number of pages including cover sheet, attachments and document: _3_

**PATENT
REEL: 9884 FRAME: 0082**

# ASSIGNMENT

THIS ASSIGNMENT, made by **CorePlan, Inc.**, a North Carolina Corporation with offices at 3305 University Dr., Durham, NC 27707, hereinafter referred to as assignor;

WITNESSETH: That,

WHEREAS, certain officers and/or representatives of assignor are named, among others, as the joint inventors of certain new and useful improvements described in the application for United States Letters Patent **SYSTEMS, METHODS AND COMPUTER PROGRAM PRODUCTS FOR GUIDING THE SELECTION OF THERAPEUTIC TREATMENT REGIMENS,** which such officers and/or representatives have executed or intend to execute,

WHEREAS, **Triangle Pharmaceuticals, Inc.**, a Delaware corporation having a principal place of business 4 University Place, 4611 University Drive, Durham, North Carolina 27707, hereinafter referred to as assignee, is desirous of acquiring the entire right, title, and interest in and to said invention as described in said application, and in and to any and all Letters Patent which shall be granted therefor in the United States of America and all foreign countries; and

WHEREAS, pursuant to assignor's continuing obligations under that certain Amended and Restated Master Software Development Agreement entered into as of November 22, 1997 and effective as of April 4, 1997 by and between assignee and assignor, assignor acknowledges that it is required to assign any and all right, title, and interest it may have (if any) in and to said invention as described in said application and, further, to perform, during and after the term of said agreement all acts deemed necessary or desirable by assignee to permit and assist it in evidencing, perfection, obtaining, maintaining, defending and enforcing such assignment;

NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, assignor has sold and by these presents does hereby sell, assign, transfer, and convey unto the said assignee, its successors and assigns, the entire right, title, and interest in and to the said invention and application, and in and to any and all provisionals, continuations,

1

**PATENT
REEL: 9884 FRAME: 0083**

continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with the right to claim the priority of said application in all foreign countries in accordance with the International Convention, the same to be held and enjoyed by said assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by assignor if this assignment and sale had not been made.

Assignor hereby requests that said Letters Patent be issued in accordance with this assignment.

Assignor further covenants and agrees that, at the time of the execution and delivery of these presents, assignor has the unencumbered right and authority to make this assignment.

Assignor further covenants and agrees to bind its successors and assigns promptly to communicate to said assignee or its representatives any facts known to us relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the assignee, its representatives, successors, or assigns to secure patent or similar protection for the said invention in all countries and to vest in the assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said assignee, its successors, assigns, and other legal representatives.

IN WITNESS WHEREOF, assignor has hereunto set its seals on this _31ST_ day of March, 1999.

**COREPLAN, INC.**

By: _____ (SEAL)
David Hadden, Chief Executive Officer

By: _____ (SEAL)
Jason L. Lucas, President

2

**PATENT**
**REEL: 9884 FRAME: 0084**

**ASSIGNMENT RECORDATION FORM COVER SHEET**

04 16 1999

|||||||||||||||||||||||

**101011585**

To the Honorable Commissioner of Patents and Trademarks:

April 1, 1999
**Attorney Docket No. 9045-2**

Please record the attached original documents or copy thereof.

1. Name of conveying party(ies):

   **David W. Barry**
   **Carolyn S. Underwood**
   **Bruce J. McCreedy**
   **David D. Hadden**
   **Jason L. Lucas**

2. Name and address of receiving party(ies):

   **Triangle Pharmaceuticals, Inc.**
   4 University Place
   4611 University Drive
   Durham, North Carolina 27707

   

Additional name(s) of conveying party(ies) attached?    Yes _X_ No

3. Nature of conveyance:

   _X_ Assignment
   _____ Merger
   _____ Security Agreement
   _____ Change of Name
   _____ Other _____
   Execution Date: **March 31, 1999**

Additional name(s) & address(es) attached?  ___ Yes _X_ No

4. Application Serial No. _____ ; Patent No. _____ 09/283,702

   If this document is being filed together with a new application, the execution date of the application
   is: **April 1, 1999**

   Additional numbers attached?    Yes _X_ No

5. Name and address of party to whom correspondence
   concerning document should be mailed:

   **Needham J. Boddie, II**
   **Myers Bigel Sibley & Sajovec, P.A.**
   P. O. Box 37428
   Raleigh NC 27627

6. Total number of applications and patents involved: 1

7. Total fee (37 CFR 3.41)    **$40.00**
   _X_ Enclosed
   _____ Authorized to be charged to deposit account

8. Deposit account number: 50-0220

DO NOT USE THIS SPACE

9. Statement and signature
   *To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy*
   *of the original document.*

   Needham J. Boddie, II, Reg. No. 40,519                                April 1, 1999
   Name of Person Signing          Signature                                   Date
   Total number of pages including cover sheet, attachments and document: 3

04/15/1999 DNGUYEN  00000180 09283702
01 FC:581                    40.00 OP

**PATENT**
**REEL: 9884 FRAME: 0090**

# ASSIGNMENT

THIS ASSIGNMENT, made by us, **David W. Barry**, a citizen of the United States of America, residing at 1810 South Lakeshore Drive, Chapel Hill, North Carolina 27514; **Carolyn S. Underwood**, a citizen of the United States of America, residing at 108 Parchment Court, Cary, North Carolina 27511; **Bruce J. McCreedy**, citizen of the United States of America, residing at 100 Berryhill Drive, Raleigh, North Carolina 27615; **David D. Hadden**, a citizen of the United States of America, residing at 2307 Whitley Drive, Durham, North Carolina 27707; and **Jason L. Lucas**, a citizen of the United States of America, residing at 1215 Gateway Lane, West Chester, Pennsylvania 19355; respectively;

WITNESSETH: That,

WHEREAS, we are the joint inventors of certain new and useful improvements in **SYSTEMS, METHODS AND COMPUTER PROGRAM PRODUCTS FOR GUIDING THE SELECTION OF THERAPEUTIC TREATMENT REGIMENS** for which an application for United States Letters Patent has been executed by us concurrently herewith, and

WHEREAS, **Triangle Pharmaceuticals, Inc.**, a Delaware corporation having a principal place of business 4 University Place, 4611 University Drive, Durham, North Carolina 27707, hereinafter referred to as assignee, is desirous of acquiring the entire right, title, and interest in and to said invention as described in said application, and in and to any and all Letters Patent which shall be granted therefor in the United States of America and all foreign countries;

NOW, THEREFORE, To Whom It May Concern, be it known that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, we have sold and by these presents do hereby sell, assign, transfer, and convey unto the said assignee, its successors and assigns, the entire right, title, and interest in and to the said invention and application, and in and to any and all provisionals, continuations, continuations-in-part, or divisions thereof, and in and to any and all Letters Patent of the United States of America and all foreign countries or reissues thereof which may be granted therefor or thereon, for the full end of the term for which said Letters Patent may be granted, together with the right to claim

1

the priority of said application in all foreign countries in accordance with the International Convention, the same to be held and enjoyed by said assignee, its successors and assigns, as fully and entirely as the same would have been held and enjoyed by me if this assignment and sale had not been made.

We hereby request that said Letters Patent be issued in accordance with this assignment.

We further covenant and agree that, at the time of the execution and delivery of these presents, we possess full title to the invention and application above-mentioned, and that we have the unencumbered right and authority to make this assignment.

We further covenant and agree to bind our heirs, legal representatives, and assigns promptly to communicate to said assignee or its representatives any facts known to us relating to said invention, to testify in any interference or legal proceedings involving said invention, to execute any additional papers which may be requested to confirm the right of the assignee, its representatives, successors, or assigns to secure patent or similar protection for the said invention in all countries and to vest in the assignee complete title to the said invention and Letters Patent, without further compensation, but at the expense of said assignee, its successors, assigns, and other legal representatives.

IN WITNESS WHEREOF, we have hereunto set our hands and seals on this 31ST day of March, 1999.

_____ (SEAL)
David W. Barry

_____ (SEAL)
Carolyn S. Underwood

_____ (SEAL)
Bruce J. McCreedy

_____ (SEAL)
David D. Hadden

_____ (SEAL)
Jason L. Lucas

2

PATENT
REEL: 9884 FRAME: 0092
RECORDED: 04/01/1999

FORM PTO-1619A
Expires 05/30/99
OMB 0651-0027

**12-07-2000**

U.S. Department of Commerce
Patent and Trademark Office
**PATENT**

**101543274**

To: The Commissioner of Patents and Trademarks: Ple.

OIPE

NOV 2 8 2000

11-24-00

## Submission Type

| | |
|---|---|
| x | New |
| | Resubmission (Non-Recordation) Document ID# |
| | Correction of PTO Error Reel # _____ Frame # _____ |
| | Corrective _____ Frame # _____ Reel # |

## Conveyance Type

| | |
|---|---|
| ☒ Assignment | ☐ Security Agreement |
| ☐ License | ☐ Change of Name |
| ☐ Merger | ☐ Other _____ |

**U.S. Government**
(For Use ONLY by U.S. Government Agencies)
☐ Departmental File    ☐ Secret File

## Conveying Party(ies)

☐ Mark if additional names of conveying parties attached

| | |
|---|---|
| Name (line 1) | Triangle Pharmaceuticals, Inc. 4 University Place 4611 University Drive |
| Name (line 2) | Durham, North Carolina  27707 |

Execution Date
Month   Day   Year
January 24, 2000

## Receiving Party

☐ Mark if additional names of conveying parties attached

| | |
|---|---|
| Name (line 1) | Intelligent Therapeutic Solutions, Inc. |
| Name (line 2) | |
| Address  (line 1) | 2505 Meridian Parkway |
| Address  (line 2) | |
| Address  (line 1) | |
| Address  (line 3) | Durham   North Carolina   27713 |

☐ If document to be recorded is an assignment and the receiving party is not domiciled in the United States, an appointment of a domestic representative is attached. (Designation must be a separate document from Assignment.)

City          State/Country        Zip Code

## Domestic Representative Name and Address

Enter for the first Receiving Party only

| | |
|---|---|
| Name | |
| Address  (line 1) | |
| Address  (line 2) | |
| Address  (line 3) | |
| Address  (line 4) | |

**FOR OFFICE USE ONLY**

Public burden reporting for this collection of information is estimated to average approximately 30 minutes per Cover Sheet to be recorded, including time for reviewing the document and gathering the data needed to complete the Cover Sheet. Send comments regarding this burden estimate to the U.S. Patent and Trademark Office, Chief Information Officer, Washington, D.C. 20231 and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Paperwork Reduction Project (0651-0027), Washington, D.C. 20503. See OMB Information Collection Budget Package 0651-0027, Patent and Trademark Assignment Practice. DO NOT SEND REQUESTS TO RECORD ASSIGNMENT DOCUMENTS TO THIS ADDRESS.

**Mail documents to be recorded with required cover sheet(s) information to:**
**Commissioner of Patents and Trademarks, Box Assignments, Washington, D.C. 20231**

:..DC - 70999/60 - #1221784 v1

12/06/2000 AAHMED1  00000158 501349  60980629
01 FC:581      160.00 CH

**PATENT**
**REEL: 011300 FRAME: 0016**

FORM PTO-1619B
Expires 06/30/99
OMB 0651-0027

**Page 2**

U.S. Department of Commerce
Patent and Trademark Office
**PATENT**

## Correspondent Name and Address

Area Code and Telephone Number | 202-637-5703

Name | Celine Jimenez Crowson

Address (line 1) | Hogan & Hartson, LLP

Address (line 2) | 555 13th Street, N.W.

Address (line 3) | Washington, DC  20004

Address (line 4) |

**Pages**  Enter the total number of pages of the attached conveyance document Including any attachments.  # | 11

## Application Number (s) or Patent Number(s)

☐ Mark if additional numbers attached

*Enter either the Patent Application Number or the Patent Number (DO NOT ENTER BOTH numbers for the same property).*

**Patent Application Numbers(s)** | **Patent Number(s)**

| 60/080,629 | 09/283702 | 09/523532 | | |

If this document is being filed together with a new Patent Application, enter the date the patent application was signed by the first named executing inventor.

Month  Day  Year

## Patent Cooperation Treaty (PCT)

PCT | US99/07171 | PCT | | PCT |

Enter PCT application number *only if* a U.S. Application Number has not been assigned.

PCT | | PCT | | PCT |

## Number of Properties

Enter the total number of properties involved.  # | 4

## Fee Amount

Fee Amount for Properties Listed (37 CFR 3.41):  $ | 160.00

Method Payment:
Deposit Account    Enclosed ☐    Deposit Account ☒
(Enter for payment by deposit account or if additional fees can be charged to the account.)

Deposit Account Number:  # | 50-1349

Authorization to charge additional fees    Yes  X    No ☐

## Statement and Signature

To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.  Charges to deposit account are authorized, as indicated herein.

*Celine Jimenez Crowson, Reg. No. 40,357*

Name of Person Signing

Signature

Date    11/29/00

**PATENT
REEL: 011300 FRAME: 0017**

# ASSET CONTRIBUTION

## AND

# ASSIGNMENT AGREEMENT

*By and Between*

## TRIANGLE PHARMACEUTICALS, INC.

*and*

## INTELLIGENT THERAPEUTIC SOLUTIONS, INC.

*Dated January 24, 2000*

# TABLE OF CONTENTS

Page

Section 1.  Contribution of Assets. ...................................................................1

Section 2.  Liabilities Assumed. .......................................................................2

Section 3.  Contract Administration and Cooperation. ....................................2

Section 4.  Liabilities Not Assumed. ................................................................2

Section 5.  Consideration. .................................................................................2

Section 6.  Investment Representations. ...........................................................3

Section 7.  Option Grant-back. .........................................................................3

Section 8.  Notice. ............................................................................................4

Section 9.  Binding Effect; Assignment. ..........................................................5

Section 10. Captions. .........................................................................................5

Section 11. Waiver; Consent. ............................................................................5

Section 12. No Third-Party Beneficiaries. ........................................................5

Section 13. Counterparts. ..................................................................................5

Section 14. Construction. ..................................................................................5

Section 15. Severability. ...................................................................................5

Section 16. Governing Law. ..............................................................................6

SCHEDULES

Schedule 1(b)    Intellectual Property
Schedule 1(c)    Assigned Contracts
Schedule 2       Assumed Liabilities

i

**PATENT**
**REEL: 011300 FRAME: 0019**

# ASSET CONTRIBUTION AND ASSIGNMENT
## AGREEMENT

THIS ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT, dated as of January 24, 2000, is made by and between Triangle Pharmaceuticals, Inc., a Delaware corporation ("Assignor"), and Intelligent Therapeutic Solutions, Inc., a Delaware corporation ("Assignee").

## BACKGROUND

A.    Assignor is engaged in the business of developing antiviral drug candidates and has also developed an individualized patient therapeutic decision support software systems.

B.    Assignee is a wholly-owned subsidiary of Assignor which has been created to engage in the business of further developing and commercializing such software.

C.    Assignor wishes to contribute to Assignee, pursuant to and in accordance with Section 351 of the Internal Revenue Code of 1986, as amended (the "Code") all right, title and interest in such software and related assets, subject to the existing rights of third parties.

NOW, THEREFORE, in consideration of the agreements set forth in this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

Section 1.  Contribution of Assets.  Pursuant to and in accordance with Section 351 of the Code, Assignor hereby assigns and delivers to Assignee, and Assignee hereby accepts from Assignor, subject to the existing rights of third parties, all of Assignor's right, title and interest, either owned or transferable by Assignor, existing now or at any time hereafter through the deliveries to be made by Assignee and Assignor in and to the following assets, subject to the rights granted to Assignor under Section 6 of this Agreement (collectively, the "Assets"):

a)  (i) All of the computer programs constituting Version 5.12 of the software known as "HIV-Therapy Expert" and any computer programs constituting versions of such software that predate HIV-Therapy Expert (including without limitation the "Triangle Patient Management System"); (ii) all forms of expression of the foregoing including but not limited to object code versions, source code versions, master tapes, development documentation and technical specifications relating thereto; (iii) any user manuals or drafts thereof relating to such software; and (iv) all computer programs, software, source code, documentation and similar and related items of any nature under development by Assignor as currently exists on the date of execution of this Agreement and at the Closing relating to such software (collectively referred to as the "Software");

PATENT
REEL: 011300 FRAME: 0020

by All U.S. and foreign patents, U.S. trademarks, copyrights, including applications therefor and any rights thereto, and all trade secrets and goodwill related to the Software, including without limitation any patents, trademarks and copyrights and applications therefor listed on Schedule 1(b) hereto;

c) The rights, benefits and obligations under the contracts, leases, licenses and other instruments as listed on Schedule 1(c) hereto (the "Assigned Contracts"); and

d) All books, records, files and papers that relate to the Software and other Assets, whether in hard copy or computer format, including without limitation, manuals and data, advertising and marketing materials, supplier lists and files, sales and purchase correspondence, and personnel and employment records.

In addition to the foregoing Assets which Assignor hereby assigns and delivers to Assignee, Assignor hereby agrees to make a capital contribution to Assignor in the amount of $130,000.00 in cash, payable within ninety (90) days of the effective date of this Agreement.

Section 2.   Liabilities Assumed.  Assignee agrees to assume at Closing and be responsible only for the liabilities arising after Closing under the Assigned Contracts and the liabilities listed on Schedule 2 hereto (collectively the "Assumed Liabilities").

Section 3.   Contract Administration and Cooperation.  Assignor agrees to cooperate with Assignee and do all things reasonably necessary to novate and assign all contracts, commitments and agreements contained in the Assets, including but not limited to, executing novation agreements, if necessary.  Nothing in this Agreement shall be construed as an attempt to novate or assign to Assignee any contract, commitment, or other agreement which is by law or its terms nonassignable or the novation or assignment of which would constitute a violation of statute, rule, regulation, contract, commitment or other agreement.  If an attempted novation or assignment of any contract, commitment or other agreement would be ineffective or would affect Assignor's rights thereunder so that Assignee would not in fact receive all such rights, Assignor shall cooperate with Assignee in a mutually acceptable arrangement (which, without limitation, may include entering into subcontracting arrangements with Assignee), to provide to Assignee the benefit (including the full economic benefit) of such contract, commitment, or other agreement (other than legal title), provided Assignor shall have no liability for failure to provide Assignee such benefit.

Section 4.   Liabilities Not Assumed.  Except for the Assumed Liabilities, Assignee shall not, by the execution, delivery and performance of this Agreement, or otherwise, assume or otherwise be responsible for any liability or obligation of any nature, or claims of such liability or obligation of Assignor, matured or unmatured, liquidated or unliquidated, fixed or contingent, or known or unknown, whether or not related to the Assets and whether arising out of acts or occurrences prior to, at or after the date hereof.

Section 5.   Consideration.  In consideration for the contribution by Assignor to Assignee of the Assets, Assignee hereby assumes the Assumed Liabilities and issues and delivers to Assignor

**REDACTED**

2

**PATENT
REEL: 011300 FRAME: 0021**

Section 6.  <u>Investment Representations</u>.  Assignor hereby represents, warrants and covenants that:

a)    This Agreement is made with Assignor in reliance upon Assignor's representation to Assignee, which by Assignor's execution of this Agreement Assignor hereby confirms, that the Series A Preferred Stock to be received by Assignor and the Common Stock issuable upon conversion thereof (collectively, the "Securities") will be acquired for investment for Assignor's own account, not as a nominee or agent, and not with a view to the resale or distribution of any part thereof, and that Assignor has no present intention of selling, granting any participation in or otherwise distributing the same.  By executing this Agreement, Assignor further represents that Assignor does not have any contract, undertaking, agreement or arrangement with any person to sell, transfer or grant participations to such person or to any third person, with respect to any of the Securities.

b)    Assignor understands that the Securities it is purchasing are characterized as "restricted securities" under the federal securities laws inasmuch as they are being acquired from Assignee in a transaction not involving a public offering and that under such laws and applicable regulations such Securities may be resold without registration under the Act only in certain limited circumstances.  In the absence of an effective registration statement covering the Securities (or the Common Stock issued on conversion thereof) or an available exemption from registration under the Act, the Series A Preferred Stock (and any Common Stock issued on conversion thereof) must be held indefinitely.  In this connection, Assignor represents that it is familiar with SEC Rule 144, as presently in effect, and understands the resale limitations imposed thereby and by the Act, including without limitation the Rule 144 condition that current information about Assignee be available to the public.  Such information is not now available and Assignee has no present plans to make such information available.

c)    <u>Legends</u>.  It is understood that the certificates evidencing the Securities may bear one or all of the following legends:

d)    "These securities have not been registered under the Securities Act of 1933, as amended.  They may not be sold, offered for sale, pledged or hypothecated in the absence of a registration statement in effect with respect to the securities under such Act or an opinion of counsel satisfactory to the Company that such registration is not required or unless sold pursuant to Rule 144 of such Act."

e)    Any legend required by the applicable blue sky laws.

Section 7.  <u>Option Grant-back and Restriction on Assignee</u>.  Notwithstanding the assignment of the Assets under Section 1, Assignee hereby grants to Assignor a non-exclusive, perpetual, royalty-free license to use the Software for its own internal business purposes and otherwise in connection with the marketing, promotion, sale and development of Assignor's products, upon the terms set forth in a mutually agreeable License Agreement.

3

**PATENT**
**REEL: 011300 FRAME: 0022**

Section 8.  <u>Notice</u>.  All notices and other communications required or permitted under this Agreement shall be deemed to have been duly given and made if in writing and (i) served by personal delivery to the party for whom intended on the date delivered, (ii) by facsimile transmission on the date confirmation is received together with a copy sent by certified or registered mail, postage prepaid to the address shown in this Agreement for, or such other address as may be designated in writing hereafter by, such party or (iii) by nationally recognized overnight courier service on the next business day to the address shown in this Agreement for, or such other address as may be designated in writing hereafter by, such party:

If to Assignor:

    Triangle Pharmaceuticals, Inc.
    4 University Place
    4611 University Drive
    Durham, North Carolina  27707
    Attention:  Chief Executive Officer
    Facsimile Number:   (919) 493-5925

with a copy to:

    Triangle Pharmaceuticals, Inc.
    4 University Place
    4611 University Drive
    Durham, North Carolina  27707
    Attention:  Chris Rallis, Esq.
    Facsimile Number:   (919) 493-5925

If to Assignee:

    Intelligent Therapeutic Solutions, Inc.
    4 University Place
    4611 University Drive
    Durham, North Carolina  27707
    Attention:  Chief Executive Officer
    Facsimile Number:   (919) 493-5925

with a copy to:

    Brobeck, Phleger & Harrison LLP
    1633 Broadway, 47th Floor
    New York, New York 10019
    Attention:    Ellen B. Corenswet, Esq.
    Facsimile Number: (212) 586-7878

4

**PATENT**
**REEL: 011300 FRAME: 0023**

Section 9. <u>Binding Effect; Assignment</u>. This Agreement and the various rights and obligations arising hereunder shall inure to the benefit of and be binding upon Assignor, its successors and permitted assigns, and upon Assignee and its successors and permitted assigns. Neither this Agreement nor any of the rights, interests or obligations hereunder shall be transferred or assigned (by operation of law or otherwise) by either of the parties hereto without the prior written consent of the other party.

Section 10. <u>Captions</u>. The Section headings of this Agreement are inserted for convenience only and shall not constitute a part of this Agreement in construing or interpreting any provision hereof.

Section 11. <u>Waiver; Consent</u>. This Agreement may not be changed, amended, terminated, augmented, rescinded or discharged (other than by performance), in whole or in part, except by a writing executed by the parties hereto, and no waiver of any of the provisions or conditions of this Agreement or any of the rights of a party hereto shall be effective or binding unless such waiver shall be in writing and signed by the party claimed to have given or consented thereto. Except to the extent that a party hereto may have otherwise agreed in writing, no waiver by that party of any condition of this Agreement or breach by the other party of any of its obligations or representations hereunder or thereunder shall be deemed to be a waiver of any other condition or subsequent or prior breach of the same or any other obligation or representation by the other party, nor shall any forbearance by the first party to seek a remedy for any noncompliance or breach by the other party be deemed to be a waiver by the first party of its rights and remedies with respect to such noncompliance or breach.

Section 12. <u>No Third-Party Beneficiaries</u>. Except as otherwise expressly provided for in this Agreement, nothing herein, expressed or implied, is intended or shall be construed to confer upon or give to any person, firm, corporation or legal entity, other than the parties hereto, any rights, remedies or other benefits under or by reason of this Agreement.

Section 13. <u>Counterparts</u>. This Agreement may be executed simultaneously in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

Section 14. <u>Construction</u>. Whenever the context requires, words used in the singular shall be construed to mean or include the plural and vice versa, and pronouns of any gender shall be deemed to include and designate the masculine, feminine or neuter gender.

Section 15. <u>Severability</u>. If one or more provisions of this Agreement are held to be unenforceable under applicable law, such provision shall be modified or excluded from this Agreement to the minimum extent necessary so that the balance of the Agreement shall remain in full force and effect and enforceable. The parties also agree to use best efforts to amend the Agreement so that its effect remains as close as possible to the original intent of the parties.

5

**PATENT**
**REEL: 011300 FRAME: 0024**

Section 16.  Governing Law.  This Agreement shall in all respects be construed in accordance with and governed by the laws of the State of North Carolina, without regard to principles of conflicts or choice of laws.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

INTELLIGENT THERAPEUTIC SOLUTIONS, INC.

By: _____

Bruce J. McCreedy, Jr., Chief Executive Officer

TRIANGLE PHARMACEUTICALS, INC.

By: _____

David W. Barry, Chairman and
Chief Executive Officer

6

**PATENT**
**REEL: 011300 FRAME: 0025**

# ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT

## Schedule 1(b)

U.S. Provisional Application No. 60/080,629; filed April 3, 1998, as supplemented

U.S. Application No. 09/283,702, filed April 1, 1999

PCT Application corresponding to foregoing U.S. Applications

ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT

Schedule 1(c)

Agreements between Triangle Pharmaceuticals and the following parties, including any amendments and supplements thereto and related documents, copies of which are attached

**REDACTED**

**PATENT**
**REEL: 011300 FRAME: 0027**

ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT

<u>Schedule 2</u>

None

03/03/2004 15:12 FAX 6174394170          EDWARDS ANGELL                    ☑003

Docket No.: **50664/0001**

| FORM PTO-1595 (Modified)<br>(Rev. 03-01)<br>OMB No. 0651-0027 (exp.6/31/2002)<br>P08A/REV03 | RECORDATION FORM COVER SHEET<br># PATENTS ONLY | U.S. DEPARTMENT OF COMMERCE<br>Patent and Trademark Office |
|---|---|---|

Tab settings ➤ ➤ ➤     ▼          ▼          ▼          ▼          ▼          ▼          ▼

To the Director of the United States Patent and Trademark Office: Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): | 2. Name and address of receiving party(ies): |
|---|---|
| **THERAPYEDGE, INC.** | Name: **ADVANCED BIOLOGICAL LABORATORIES, SA** |
| | Address: **2 Rue des Dahlias,** |
| | **the Luxembourg Grande Duche** |
| Additional names(s) of conveying party(ies)  ☐ Yes  ☒ No | |

| 3. Nature of conveyance: | |
|---|---|
| ☒ Assignment          ☐ Merger | City: _____  State/Prov.: _____ |
| ☐ Security Agreement  ☐ Change of Name | Country: **Luxembourg**   ZIP: **L-1411** |
| ☐ Other _____ | |
| Execution Date: **February 16, 2004** | Additional name(s) & address(es)  ☐ Yes  ☒ No |

4. Application number(s) or patent numbers(s):

If this document is being filed together with a new application, the execution date of the application is: _____

| Patent Application No.     Filing date | B. Patent No.(s) |
|---|---|
| | 6,081,786 |
| | 6,188,988 |
| Additional numbers  ☐ Yes  ☒ No | |

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: | **2** |
|---|---|---|
| Name:  **Peter F. Corless** | 7. Total fee (37 CFR 3.41):................$  **80.00** | |
| Registration No.   **33,860** | ☐ Enclosed - Any excess or insufficiency should be credited or debited to deposit account | |
| Address:  **Edwards & Angell, LLP** | ☒ Authorized to be charged to deposit account | |
| **P.O. Box 55874** | | |
| | 8. Deposit account number: | |
| City: **Boston**  State/Prov.: **MA** | **04-1105** | |
| Country: **USA**  ZIP: **02205** | (Attach duplicate copy of this page if paying by deposit account) | |

DO NOT USE THIS SPACE

9. Statement and signature.
*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.*

| **Peter F. Corless (Reg. No. 33,860)**<br>Name of Person Signing | Signature | **March 3, 2004**<br>Date |
|---|---|---|

Total number of pages including cover sheet, attachments, and      **4**

Mail documents to be recorded with required cover sheet information to:<br>Mail Stop Assignment Recordation Services<br>Director of the United States Patent and Trademark Office<br>P.O. Box 1450, Alexandria, VA 22313-1450

**700069784**          **PATENT**
          **REEL: 014394 FRAME: 0199**

**Schedule B**

## ASSIGNMENT OF PATENTS

**THIS ASSIGNMENT** is made as of the 16th day of February, 2004, between **THERAPYEDGE, INC.** (f/k/a Intelligent Therapeutic Solutions, Inc.), a Delaware corporation, having a principal place of business at 2505 Meridian Parkway, Suite 350, Durham, NC 27713, North Carolina, USA (the "Assignor") and **ADVANCED BIOLOGICAL LABORATORIES, SA**, a company organized under the laws of Luxembourg, having a principal place of business at 2 Rue des Dahlias, L-1411, the Luxembourg Grand Duche (the "Assignee").

**WHEREAS**, Assignor has adopted, used and is the owner of certain patents set forth on Schedule attached hereto and certain patentable inventions (the "Patents"); and

**WHEREAS**, the Assignor has agreed to assign the Patents to the Assignee, and the Assignee has agreed to accept such assignment.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor does hereby sell, assign, set over and transfer to the Assignee, its successors and assigns, Assignor's entire right, title and interest in and to the Patents, and in and to all divisions, reissues, substitutions, continuations, in whole or in part, re-examinations, and extensions thereof, and all applications claiming priority therefrom; and the Assignor hereby authorizes and requests the Commissioner of Patents and Trademarks to issue all patents for said invention, or patents resulting therefrom, to the Assignee; to have and to hold for the sole and exclusive use and benefit of the Assignee, its successors, assigns or other legal representatives, at common law and/or to the full end of the term or terms for which any and all of said Patents may issue, to the same extent as the Assignor would hold and enjoy if this Assignment and sale had not been made; together with all claims for damages by reason of past infringement of the Patents with the right to sue for and collect the same for its own use and benefit, and for the use and on behalf of its successors, assigns or other legal representatives.

The Assignor covenants that no assignment, sale, agreement or encumbrance has been or will be made or entered into that would conflict with this Agreement and sale. The Assignor further agrees to execute any and all applications, assignments, affidavits, and any other papers in connection therewith necessary to perfect such rights, and also agrees, at the request of the Assignee, to testify in any legal proceedings, sign all lawful papers, make all lawful oaths, and generally do everything possible to aid said Assignee, its successors and assigns, to obtain, maintain and enforce protection for said Patents in all countries.

The Assignor also hereby grants the law firm of Edwards & Angell, LLP the power to insert on this Assignment any further identification that may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office or any other patent office for recordation of this document.

**PATENT
REEL: 014394 FRAME: 0200**

/2004 15:13 FAX 6174394170          EDWARDS ANGELL                    ☑ 005

**IN WITNESS WHEREOF,** Assignor, expressly intending to be legally bound hereby, has caused this Assignment to be executed by its duly authorized officer as of the _16_ day of _February_, 2003.

THERAPYEDGE, INC.

By: _____
Name: Marc Van Rompaey
Title: Chairman of the Board of Directors

**ACKNOWLEDGMENT**

STATE OF _____ )
                                  ) ss:
COUNTY OF _____ )

    On this Monday the 16th day of February, 2004 Marc Van Rompaey, the Chairman of the Board of Directors of TherapyEdge, Inc. (f/k/a Intelligent Therapeutic Solutions, Inc.), to me personally known, personally appeared before me and stated that the foregoing instrument was signed on behalf of such corporation pursuant to proper corporate authority, and acknowledged the execution of the instrument as the free act and deed of the corporation.

                         _____

[SEAL]                             Notary Public
                                  My Commission Expires:

**PATENT
REEL: 014394 FRAME: 0201**

3/2004 15:13 FAX 6174394170          EDWARDS ANGELL                                    ☑006

## SCHEDULE A

THERAPYEDGE, INC.

| File No. | Country | Serial No. | Filed | Patent No. | Issued | Status |
|---|---|---|---|---|---|---|
| 9045-2 | USA | 09/283,702 | 4/1/1999 | 6,081,786 | 6/27/2000 | Tax due 12/27/2003 |
| 9045-2CT | USA | 09/523,532 | 3/10/2000 | 6,188,988 | 2/13/2001 | Tax due 8/13/2004 |
| 9045-2.AU | Australia | 3461799 | 4/1/1999 | 750822 | 12/12/2002 | Granted |
| 9045-2.BR | Brazil | PI99099063 | 4/1/1999 | | | Published |
| 9045-2.CA | Canada | 2326579 | 4/1/1999 | | | Pending |
| 9045-2.CN | China | 998069914 | 4/1/1999 | | 12/2/2003 | Rejected |
| 9045-2.EP | EPO | | 11/3/2000 | | | Pending |
| 9045-2.IL | Israel | 138620 | 4/1/1999 | | | Pending |
| 9045-2.IN | India | 200000422 | 4/1/1999 | | | Pending |
| 9045-2.JP | Japan | 2000542701 | 4/1/1999 | | | Published |
| 9045-2.MX | Mexico | 009719 | 4/1/1999 | | | Pending |
| 9045-2.SG | Singapore | 2000053728 | 4/1/1999 | 76130 | 9/17/2000 | Granted |
| 9045-2.WO | PCT | PCT/US99/07171 | 4/1/1999 | | | Inactive |

Key Claims
Patent No. 6,081,786  (Parent)
1. A method for guiding the selection of a therapeutic treatment regimen for a patient with a known disease or medical condition, said method comprising: (a) providing patient information to a computing device comprising: a first knowledge base comprising a plurality of different therapeutic treatment regimens for said disease or medical condition; a second knowledge base comprising a plurality of expert rules for evaluating and selecting a therapeutic treatment regimen for said disease or medical condition; a third knowledge base comprising advisory information useful for the treatment of a patient with different constituents of said different therapeutic treatment regimens; and (b) generating in said computing device a ranked listing of available therapeutic treatment regimens for said patient; and (c) generating in said computing device advisory information for one or more therapeutic treatment regimens in said ranked listing based on said patient information and said expert rules.

Patent No. 6,188,988  (Continuation)
1. A method for guiding the selection of a therapeutic treatment regimen for a patient with a chronic known disease or medical condition, said method comprising: (a) providing patient information to a computing device, said patient information including prior therapeutic treatment regimen information for said chronic known disease or medical condition, said computer device comprising: a first knowledge base comprising a plurality of different therapeutic treatment regimens for said disease or medical condition; a second knowledge base comprising a plurality of expert rules for evaluating and selecting a therapeutic treatment regimen for said disease or medical condition; a third knowledge base comprising advisory information useful for the treatment of a patient with different constituents of said different therapeutic treatment regimens; and (b) generating in said computing device from said patient information and said first knowledge base a listing of available therapeutic treatment regimens for said patient; and (c) generating in said computing device advisory information for one or more therapeutic treatment regimens for said patient in said listing based on said patient information and said expert rules.

# Edwards & Angell LLP

**101 Federal Street  Boston, MA 02110  617.439.4444  fax 617.439.4170**
**www.EdwardsAngell.com**

**Date :** 3/3/2004                    **Pages (including cover) :** 6

---

**Sender :**

| Name | Peter F. Corless | | |
|------|------------------|--|--|
| Fax | (617) 439-4170 | Phone | (617) 517-5557 |
| Email | pcorless@EdwardsAngell.com | | |

---

**To :**

| Name | Company | Fax | Phone |
|------|---------|-----|-------|
| Assignment Recordation Division | United States Patent & Trademark Office | (703) 306-5995 | (703) 308-9723 |

**If you experience problems receiving this fax, please call Maggie C. Hamelin at (617) 517-5537.**

## Message :

Re: Request for Assignment Recordation for U.S. Patent Nos. 6,081,786 and 6,188,988

Our File No. 50664/0001

Please see attached Assignment Recordation Cover Sheet (1 page) and Assignment (3 pages).

**PATENT**
**REEL: 014394 FRAME: 0203**

# Edwards *&* Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

Mail to P.O. Box 55874
Boston, MA 02205

Peter F. Corless

617.517.5557
*fax* 617.439.4444
pcorless@EdwardsAngell.com

March 3, 2004

## VIA FACSIMILE

Mail Stop: ASSIGNMENT RECORDATION DIVISION
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Re:   Request for Assignment Recordation of attached Assignment of Patents document
      Our Reference No. 50664/0001

Dear Sir or Madam:

Enclosed please find the Assignment Recordation Form Cover Sheet and corresponding
assignment document, entitled "Assignment of Patents" for recordation with the United States
Patent Office.

Please forward the enclosed Assignment Recordation Form Cover Sheet and Assignment to the
appropriate department for recordation and return to us.  The $80.00 fee for the recordation
should be charged to our deposit account **04-1105.**

Your early attention to this matter will be greatly appreciated.

Should you have any questions or comments concerning this case and/or the documents, please
let us know at once.

Very truly yours,

Peter F. Corless

Enclosures

PFC/mch

BOS2_435902.1

**PATENT**
**RECORDED: 03/03/2004**          **REEL: 014394 FRAME: 0204**