# EXHIBIT D

# Patent Assignment Abstract of Title

## NOTE:Results display only for issued patents and published applications. For pending or abandoned applications please consult USPTO staff.

**Total Assignments: 2**

**Patent #:** 6188988     **Issue Dt:** 02/13/2001     **Application #:** 09523532     **Filing Dt:** 03/10/2000

**Inventors:** David W. Barry, Carolyn S. Underwood, Bruce J. McCreedy, David D. Hadden et al

**Title:** Systems, methods and computer program products for guiding the selection of therapeutic treatment regimens

**Assignment: 1**

**Reel/Frame:** 011300 / 0016          **Recorded:** 11/28/2000          **Pages:** 13

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignor:** TRIANGLE PHARMACEUTICALS, INC.          **Exec Dt:** 01/24/2000

**Assignee:** INTELLIGENT THERAPEUTIC SOLUTIONS, INC.
2505 MERIDIAN PARKWAY
DURHAM, NORTH CAROLINA 27713

**Correspondent:** HOGAN & HARLSON, LLP
CELINE JIMENEZ CROWSON
555 13TH STREET, N.W,
WASHINGTON, DC 20004

**Assignment: 2**

**Reel/Frame:** 014394 / 0199          **Recorded:** 03/03/2004          **Pages:** 6

**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).

**Assignor:** THERAPYEDGE, INC.          **Exec Dt:** 02/16/2004

**Assignee:** ADVANCED BIOLOGICAL LABORATORIES, SA
2 RUE DES DAHLIAS
THE LUXEMBOURG GRANDE DUCHE, LUXEMBOURG L-1411

**Correspondent:** EDWARDS & ANGELL, LLP
PETER F. CORLESS
P.O. BOX 55874
BOSTON, MA 02205

Search Results as of: 10/09/2007 09:33 AM

---

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
Web interface last modified: February 22, 2007 v.2.0

FORM PTO-1619A
Expires 06/30/99
OMB 0651-0027

**12-07-2000**

U.S. Department of Commerce
Patent and Trademark Office
**PATENT**

|||||||||||||||| 
**101543274**

To: The Commissioner of Patents and Trademarks: Ple...

## Submission Type

| | |
|---|---|
| X | New |
| ☐ | Resubmission (Non-Recordation) Document ID# |
| ☐ | Correction of PTO Error  Reel #____ Frame #____ |
| ☐ | Correctio... Reel #____ Frame #____ |

## Conveyance Type

| | |
|---|---|
| ☒ Assignment | ☐ Security Agreement |
| ☐ License | ☐ Change of Name |
| ☐ Merger | ☐ Other _____ |

**U.S. Government**
(For Use ONLY by U.S. Government Agencies)

☐ Departmental File    ☐ Secret File

## Conveying Party(ies)

☐ Mark if additional names of conveying parties attached

Execution Date
Month   Day   Year
January 24, 2000

Name (line 1)  Triangle Pharmaceuticals, Inc.
4 University Place
4611 University Drive

Name (line 2)  Durham, North Carolina  27707

## Receiving Party

☐ Mark if additional names of conveying parties attached

Name (line 1)  Intelligent Therapeutic Solutions, Inc.

If document to be recorded is an assignment and the receiving party is not domiciled in the United States, an appointment of a domestic representative is attached. (Designation must be a separate document from Assignment.)

Name (line 2)

Address (line 1)  2505 Meridian Parkway

Address (line 2)

Address (line 1)

Address (line 3)  Durham        North Carolina      27713
                  City          State/Country       Zip Code

## Domestic Representative Name and Address

Enter for the first Receiving Party only

Name

Address (line 1)

Address (line 2)

Address (line 3)

Address (line 4)

**FOR OFFICE USE ONLY**

Public burden reporting for this collection of information is estimated to average approximately 30 minutes per Cover Sheet to be recorded, including time for reviewing the document and gathering the data needed to complete the Cover Sheet. Send comments regarding this burden estimate to the U.S. Patent and Trademark Office, Chief Information Officer, Washington, D.C. 20231 and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Paperwork Reduction Project (0651-0027), Washington, D.C. 20503. See OMB Information Collection Budget Package 0651-0027, Patent and Trademark Assignment Practice.   DO NOT SEND REQUESTS TO RECORD ASSIGNMENT DOCUMENTS TO THIS ADDRESS.

**Mail documents to be recorded with required cover sheet(s) information to:**
**Commissioner of Patents and Trademarks, Box Assignments, Washington, D.C. 20231**

...DC - 70999/60 - #1221784 v1

12/06/2000 AAHMED1  00000158 501349   60980629
01 FC:581       160.00 CH

**PATENT**
**REEL: 011300 FRAME: 0016**

FORM PTO-1619B
Expires 06/30/99
OMB 0651-0027

**Page 2**

U.S. Department of Commerce
Patent and Trademark Office
**PATENT**

## Correspondent Name and Address

Area Code and Telephone Number    | 202-637-5703 |

Name | Celine Jimenez Crowson |

Address (line 1) | Hogan & Hartson, LLP |

Address (line 2) | 555 13ᵗʰ Street, N.W. |

Address (line 3) | Washington, DC  20004 |

Address (line 4) | |

**Pages**    Enter the total number of pages of the attached conveyance document Including any attachments.    # | 11 |

## Application Number (s) or Patent Number(s)

☐ Mark if additional numbers attached

*Enter either the Patent Application Number or the Patent Number (DO NOT ENTER BOTH numbers for the same property).*

**Patent Application Numbers(s)**

| 60/080,629 | 09/283702 | 09/523532 |

**Patent Number(s)**

If this document is being filed together with a new Patent Application, enter the date the patent application was signed by the first named executing Inventor.

Month   Day   Year

## Patent Cooperation Treaty (PCT)

Enter PCT application number *only if* a U.S. Application Number has not been assigned.

PCT | US99/07171 |    PCT | |    PCT | |

PCT | |    PCT | |    PCT | |

## Number of Properties

Enter the total number of properties involved.    # | 4 |

## Fee Amount

Fee Amount for Properties Listed (37 CFR 3.41):    $ | 160.00 |

Method Payment:
Deposit Account    Enclosed ☐    Deposit Account **X**
(Enter for payment by deposit account or if additional fees can be charged to the account.)

Deposit Account Number:    # | 50-1349 |

Authorization to charge additional fees    Yes  X    No ☐

## Statement and Signature

To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.  Charges to deposit account are authorized, as indicated herein.

11/29/00

*Celine Jimenez Crowson, Reg. No. 40,357*

Name of Person Signing

Signature

Date

**PATENT
REEL: 011300 FRAME: 0017**

\\\DC - 70999/60 - #1221784 v1

# ASSET CONTRIBUTION

# AND

# ASSIGNMENT AGREEMENT

*By and Between*

## TRIANGLE PHARMACEUTICALS, INC.

*and*

## INTELLIGENT THERAPEUTIC SOLUTIONS, INC.

*Dated January 24, 2000*

# TABLE OF CONTENTS

Page

Section 1.    Contribution of Assets. ...................................................................1

Section 2.    Liabilities Assumed. ....................................................................2

Section 3.    Contract Administration and Cooperation. ...................................2

Section 4.    Liabilities Not Assumed. ..............................................................2

Section 5.    Consideration. .............................................................................2

Section 6.    Investment Representations. ........................................................3

Section 7.    Option Grant-back. ......................................................................3

Section 8.    Notice. ..........................................................................................4

Section 9.    Binding Effect; Assignment. .........................................................5

Section 10.   Captions. ......................................................................................5

Section 11.   Waiver; Consent. ..........................................................................5

Section 12.   No Third-Party Beneficiaries. .......................................................5

Section 13.   Counterparts. ...............................................................................5

Section 14.   Construction. ................................................................................5

Section 15.   Severability. .................................................................................5

Section 16.   Governing Law. ............................................................................6

SCHEDULES

Schedule 1(b)    Intellectual Property
Schedule 1(c)    Assigned Contracts
Schedule 2       Assumed Liabilities

i

**PATENT**
**REEL: 011300 FRAME: 0019**

# ASSET CONTRIBUTION AND ASSIGNMENT
## AGREEMENT

THIS ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT, dated as of January 24, 2000, is made by and between Triangle Pharmaceuticals, Inc., a Delaware corporation ("Assignor"), and Intelligent Therapeutic Solutions, Inc., a Delaware corporation ("Assignee").

## BACKGROUND

A.    Assignor is engaged in the business of developing antiviral drug candidates and has also developed an individualized patient therapeutic decision support software systems.

B.    Assignee is a wholly-owned subsidiary of Assignor which has been created to engage in the business of further developing and commercializing such software.

C.    Assignor wishes to contribute to Assignee, pursuant to and in accordance with Section 351 of the Internal Revenue Code of 1986, as amended (the "Code") all right, title and interest in such software and related assets, subject to the existing rights of third parties.

NOW, THEREFORE, in consideration of the agreements set forth in this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

Section 1.  Contribution of Assets.  Pursuant to and in accordance with Section 351 of the Code, Assignor hereby assigns and delivers to Assignee, and Assignee hereby accepts from Assignor, subject to the existing rights of third parties, all of Assignor's right, title and interest, either owned or transferable by Assignor, existing now or at any time hereafter through the deliveries to be made by Assignee and Assignor in and to the following assets, subject to the rights granted to Assignor under Section 6 of this Agreement (collectively, the "Assets"):

a)  (i) All of the computer programs constituting Version 5.12 of the software known as "HIV-Therapy Expert" and any computer programs constituting versions of such software that predate HIV-Therapy Expert (including without limitation the "Triangle Patient Management System"); (ii) all forms of expression of the foregoing including but not limited to object code versions, source code versions, master tapes, development documentation and technical specifications relating thereto; (iii) any user manuals or drafts thereof relating to such software; and (iv) all computer programs, software, source code, documentation and similar and related items of any nature under development by Assignor as currently exists on the date of execution of this Agreement and at the Closing relating to such software (collectively referred to as the "Software");

**PATENT**
**REEL: 011300 FRAME: 0020**

b) All U.S. and foreign patents, U.S. trademarks, copyrights, including applications therefor and any rights thereto, and all trade secrets and goodwill related to the Software, including without limitation any patents, trademarks and copyrights and applications therefor listed on <u>Schedule 1(b)</u> hereto;

c) The rights, benefits and obligations under the contracts, leases, licenses and other instruments as listed on <u>Schedule 1(c)</u> hereto (the "Assigned Contracts"); and

d) All books, records, files and papers that relate to the Software and other Assets, whether in hard copy or computer format, including without limitation, manuals and data, advertising and marketing materials, supplier lists and files, sales and purchase correspondence, and personnel and employment records.

In addition to the foregoing Assets which Assignor hereby assigns and delivers to Assignee, Assignor hereby agrees to make a capital contribution to Assignor in the amount of $130,000.00 in cash, payable within ninety (90) days of the effective date of this Agreement.

Section 2.    <u>Liabilities Assumed</u>.  Assignee agrees to assume at Closing and be responsible only for the liabilities arising after Closing under the Assigned Contracts and the liabilities listed on <u>Schedule 2</u> hereto (collectively the "Assumed Liabilities").

Section 3.    <u>Contract Administration and Cooperation</u>.  Assignor agrees to cooperate with Assignee and do all things reasonably necessary to novate and assign all contracts, commitments and agreements contained in the Assets, including but not limited to, executing novation agreements, if necessary.  Nothing in this Agreement shall be construed as an attempt to novate or assign to Assignee any contract, commitment, or other agreement which is by law or its terms nonassignable or the novation or assignment of which would constitute a violation of statute, rule, regulation, contract, commitment or other agreement.  If an attempted novation or assignment of any contract, commitment or other agreement would be ineffective or would affect Assignor's rights thereunder so that Assignee would not in fact receive all such rights, Assignor shall cooperate with Assignee in a mutually acceptable arrangement (which, without limitation, may include entering into subcontracting arrangements with Assignee), to provide to Assignee the benefit (including the full economic benefit) of such contract, commitment, or other agreement (other than legal title), provided Assignor shall have no liability for failure to provide Assignee such benefit.

Section 4.    <u>Liabilities Not Assumed</u>.  Except for the Assumed Liabilities, Assignee shall not, by the execution, delivery and performance of this Agreement, or otherwise, assume or otherwise be responsible for any liability or obligation of any nature, or claims of such liability or obligation of Assignor, matured or unmatured, liquidated or unliquidated, fixed or contingent, or known or unknown, whether or not related to the Assets and whether arising out of acts or occurrences prior to, at or after the date hereof.

Section 5.    <u>Consideration</u>.  In consideration for the contribution by Assignor to Assignee of the Assets, Assignee hereby assumes the Assumed Liabilities and issues and delivers to Assignor

**REDACTED**

2

**PATENT**<br>**REEL: 011300 FRAME: 0021**

Section 6.  <u>Investment Representations</u>.  Assignor hereby represents, warrants and covenants that:

a)   This Agreement is made with Assignor in reliance upon Assignor's representation to Assignee, which by Assignor's execution of this Agreement Assignor hereby confirms, that the Series A Preferred Stock to be received by Assignor and the Common Stock issuable upon conversion thereof (collectively, the "Securities") will be acquired for investment for Assignor's own account, not as a nominee or agent, and not with a view to the resale or distribution of any part thereof, and that Assignor has no present intention of selling, granting any participation in or otherwise distributing the same.  By executing this Agreement, Assignor further represents that Assignor does not have any contract, undertaking, agreement or arrangement with any person to sell, transfer or grant participations to such person or to any third person, with respect to any of the Securities.

b)   Assignor understands that the Securities it is purchasing are characterized as "restricted securities" under the federal securities laws inasmuch as they are being acquired from Assignee in a transaction not involving a public offering and that under such laws and applicable regulations such Securities may be resold without registration under the Act only in certain limited circumstances.  In the absence of an effective registration statement covering the Securities (or the Common Stock issued on conversion thereof) or an available exemption from registration under the Act, the Series A Preferred Stock (and any Common Stock issued on conversion thereof) must be held indefinitely.  In this connection, Assignor represents that it is familiar with SEC Rule 144, as presently in effect, and understands the resale limitations imposed thereby and by the Act, including without limitation the Rule 144 condition that current information about Assignee be available to the public.  Such information is not now available and Assignee has no present plans to make such information available.

c)   <u>Legends</u>.  It is understood that the certificates evidencing the Securities may bear one or all of the following legends:

d)   "These securities have not been registered under the Securities Act of 1933, as amended.  They may not be sold, offered for sale, pledged or hypothecated in the absence of a registration statement in effect with respect to the securities under such Act or an opinion of counsel satisfactory to the Company that such registration is not required or unless sold pursuant to Rule 144 of such Act."

e)   Any legend required by the applicable blue sky laws.

Section 7.  <u>Option Grant-back and Restriction on Assignee</u>.  Notwithstanding the assignment of the Assets under Section 1, Assignee hereby grants to Assignor a non-exclusive, perpetual, royalty-free license to use the Software for its own internal business purposes and otherwise in connection with the marketing, promotion, sale and development of Assignor's products, upon the terms set forth in a mutually agreeable License Agreement.

3

**PATENT**
**REEL: 011300 FRAME: 0022**

**Section 8. Notice.** All notices and other communications required or permitted under this Agreement shall be deemed to have been duly given and made if in writing and (i) served by personal delivery to the party for whom intended on the date delivered, (ii) by facsimile transmission on the date confirmation is received together with a copy sent by certified or registered mail, postage prepaid to the address shown in this Agreement for, or such other address as may be designated in writing hereafter by, such party or (iii) by nationally recognized overnight courier service on the next business day to the address shown in this Agreement for, or such other address as may be designated in writing hereafter by, such party:

If to Assignor:

> Triangle Pharmaceuticals, Inc.
> 4 University Place
> 4611 University Drive
> Durham, North Carolina 27707
> Attention: Chief Executive Officer
> Facsimile Number:    (919) 493-5925

with a copy to:

> Triangle Pharmaceuticals, Inc.
> 4 University Place
> 4611 University Drive
> Durham, North Carolina 27707
> Attention: Chris Rallis, Esq.
> Facsimile Number:    (919) 493-5925

If to Assignee:

> Intelligent Therapeutic Solutions, Inc.
> 4 University Place
> 4611 University Drive
> Durham, North Carolina 27707
> Attention: Chief Executive Officer
> Facsimile Number:    (919) 493-5925

with a copy to:

> Brobeck, Phleger & Harrison LLP
> 1633 Broadway, 47th Floor
> New York, New York 10019
> Attention:    Ellen B. Corenswet, Esq.
> Facsimile Number: (212) 586-7878

4

**PATENT**
**REEL: 011300 FRAME: 0023**

Section 9.  <u>Binding Effect; Assignment</u>.  This Agreement and the various rights and obligations arising hereunder shall inure to the benefit of and be binding upon Assignor, its successors and permitted assigns, and upon Assignee and its successors and permitted assigns. Neither this Agreement nor any of the rights, interests or obligations hereunder shall be transferred or assigned (by operation of law or otherwise) by either of the parties hereto without the prior written consent of the other party.

Section 10.  <u>Captions</u>.  The Section headings of this Agreement are inserted for convenience only and shall not constitute a part of this Agreement in construing or interpreting any provision hereof.

Section 11.  <u>Waiver; Consent</u>.  This Agreement may not be changed, amended, terminated, augmented, rescinded or discharged (other than by performance), in whole or in part, except by a writing executed by the parties hereto, and no waiver of any of the provisions or conditions of this Agreement or any of the rights of a party hereto shall be effective or binding unless such waiver shall be in writing and signed by the party claimed to have given or consented thereto.  Except to the extent that a party hereto may have otherwise agreed in writing, no waiver by that party of any condition of this Agreement or breach by the other party of any of its obligations or representations hereunder or thereunder shall be deemed to be a waiver of any other condition or subsequent or prior breach of the same or any other obligation or representation by the other party, nor shall any forbearance by the first party to seek a remedy for any noncompliance or breach by the other party be deemed to be a waiver by the first party of its rights and remedies with respect to such noncompliance or breach.

Section 12.  <u>No Third-Party Beneficiaries</u>.  Except as otherwise expressly provided for in this Agreement, nothing herein, expressed or implied, is intended or shall be construed to confer upon or give to any person, firm, corporation or legal entity, other than the parties hereto, any rights, remedies or other benefits under or by reason of this Agreement.

Section 13.  <u>Counterparts</u>.  This Agreement may be executed simultaneously in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

Section 14.  <u>Construction</u>.  Whenever the context requires, words used in the singular shall be construed to mean or include the plural and vice versa, and pronouns of any gender shall be deemed to include and designate the masculine, feminine or neuter gender.

Section 15.  <u>Severability</u>.  If one or more provisions of this Agreement are held to be unenforceable under applicable law, such provision shall be modified or excluded from this Agreement to the minimum extent necessary so that the balance of the Agreement shall remain in full force and effect and enforceable.  The parties also agree to use best efforts to amend the Agreement so that its effect remains as close as possible to the original intent of the parties.

5

**PATENT
REEL: 011300 FRAME: 0024**

Section 16.  Governing Law.  This Agreement shall in all respects be construed in accordance with and governed by the laws of the State of North Carolina, without regard to principles of conflicts or choice of laws.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

INTELLIGENT THERAPEUTIC SOLUTIONS, INC.

By: _____

Bruce J. McCreedy, Jr., Chief Executive Officer


TRIANGLE PHARMACEUTICALS, INC.

By: _____

David W. Barry, Chairman and
Chief Executive Officer

6

**PATENT**
**REEL: 011300 FRAME: 0025**

# ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT

## Schedule 1(b)

U.S. Provisional Application No. 60/080,629; filed April 3, 1998, as supplemented

U.S. Application No. 09/283,702, filed April 1, 1999

PCT Application corresponding to foregoing U.S. Applications

PATENT
REEL: 011300 FRAME: 0026

ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT

Schedule 1(c)

Agreements between Triangle Pharmaceuticals and the following parties, including any
amendments and supplements thereto and related documents, copies of which are attached

**REDACTED**

PATENT
REEL: 011300 FRAME: 0027

ASSET CONTRIBUTION AND ASSIGNMENT AGREEMENT

Schedule 2

None

03/03/2004 15:12 FAX 6174394170          EDWARDS ANGELL                                 ☑ 003

Docket No.:  **50664/0001**

| FORM PTO-1595 (Modified) | RECORDATION FORM COVER SHEET | U.S. DEPARTMENT OF COMMERCE |
| (Rev. 03-01) | | Patent and Trademark Office |
| OMB No. 0651-0027 (exp.5/31/2002) | **PATENTS ONLY** | |
| P03A/REV03 | | |

Tab settings ➔ ➔ ➔ ▼          ▼          ▼          ▼          ▼          ▼          ▼

To the Director of the United States Patent and Trademark Office: Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): | 2. Name and address of receiving party(ies): |
| --- | --- |
| **THERAPYEDGE, INC.** | Name: **ADVANCED BIOLOGICAL LABORATORIES, SA** |
| | Address: **2 Rue des Dahlias,** |
| | **the Luxembourg Grande Duche** |
| Additional names(s) of conveying party(ies) ☐ Yes ☒ No | |

| 3. Nature of conveyance: | |
| --- | --- |
| ☒ Assignment          ☐ Merger | City: _____ State/Prov.: _____ |
| ☐ Security Agreement  ☐ Change of Name | Country: **Luxembourg**   ZIP: **L-1411** |
| ☐ Other _____ | |
| Execution Date: **February 16, 2004** | Additional name(s) & address(es)   ☐ Yes  ☒ No |

4. Application number(s) or patent numbers(s):

If this document is being filed together with a new application, the execution date of the application is: _____

| Patent Application No.     Filing date | B. Patent No.(s) |
| --- | --- |
| | 6,081,786 |
| | 6,188,988 |
| Additional numbers ☐ Yes ☒ No | |

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: | 2 |
| --- | --- | --- |
| Name: **Peter F. Corless** | 7. Total fee (37 CFR 3.41):................$ **80.00** | |
| Registration No. **33,860** | ☐ Enclosed - Any excess or insufficiency should be credited or debited to deposit account | |
| Address: **Edwards & Angell, LLP** | | |
| **P.O. Box 55874** | ☒ Authorized to be charged to deposit account | |
| | 8. Deposit account number: | |
| City: **Boston**   State/Prov.: **MA** | **04-1105** | |
| Country: **USA**   ZIP: **02205** | (Attach duplicate copy of this page if paying by deposit account) | |

**DO NOT USE THIS SPACE**

9. Statement and signature.
*To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.*

| **Peter F. Corless (Reg. No. 33,860)** | _~signature~_ | **March 3, 2004** |
| --- | --- | --- |
| Name of Person Signing | Signature | Date |

Total number of pages including cover sheet, attachments, and **4**

**PATENT**

Mail documents to be recorded with required cover sheet information to:
Mail Stop Assignment Recordation Services
Director of the United States Patent and Trademark Office
P.O. Box 1450, Alexandria, VA 22313-1450

**700069784**                                                          **REEL: 014394 FRAME: 0199**

**Schedule B**

## ASSIGNMENT OF PATENTS

THIS ASSIGNMENT is made as of the 16th day of February, 2004, between **THERAPYEDGE, INC.** (f/k/a Intelligent Therapeutic Solutions, Inc.), a Delaware corporation, having a principal place of business at 2505 Meridian Parkway, Suite 350, Durham, NC 27713, North Carolina, USA (the "Assignor") and **ADVANCED BIOLOGICAL LABORATORIES, SA**, a company organized under the laws of Luxembourg, having a principal place of business at 2 Rue des Dahlias, L-1411, the Luxembourg Grand Duche (the "Assignee").

WHEREAS, Assignor has adopted, used and is the owner of certain patents set forth on Schedule attached hereto and certain patentable inventions (the "Patents"); and

WHEREAS, the Assignor has agreed to assign the Patents to the Assignee, and the Assignee has agreed to accept such assignment.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor does hereby sell, assign, set over and transfer to the Assignee, its successors and assigns, Assignor's entire right, title and interest in and to the Patents, and in and to all divisions, reissues, substitutions, continuations, in whole or in part, re-examinations, and extensions thereof, and all applications claiming priority therefrom; and the Assignor hereby authorizes and requests the Commissioner of Patents and Trademarks to issue all patents for said invention, or patents resulting therefrom, to the Assignee; to have and to hold for the sole and exclusive use and benefit of the Assignee, its successors, assigns or other legal representatives, at common law and/or to the full end of the term or terms for which any and all of said Patents may issue, to the same extent as the Assignor would hold and enjoy if this Assignment and sale had not been made; together with all claims for damages by reason of past infringement of the Patents with the right to sue for and collect the same for its own use and benefit, and for the use and on behalf of its successors, assigns or other legal representatives.

The Assignor covenants that no assignment, sale, agreement or encumbrance has been or will be made or entered into that would conflict with this Agreement and sale. The Assignor further agrees to execute any and all applications, assignments, affidavits, and any other papers in connection therewith necessary to perfect such rights, and also agrees, at the request of the Assignee, to testify in any legal proceedings, sign all lawful papers, make all lawful oaths, and generally do everything possible to aid said Assignee, its successors and assigns, to obtain, maintain and enforce protection for said Patents in all countries.

The Assignor also hereby grants the law firm of Edwards & Angell, LLP the power to insert on this Assignment any further identification that may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office or any other patent office for recordation of this document.

**PATENT**
**REEL: 014394 FRAME: 0200**

IN WITNESS WHEREOF, Assignor, expressly intending to be legally bound hereby, has caused this Assignment to be executed by its duly authorized officer as of the _16_ day of _February_, 2003.

THERAPYEDGE, INC.

By: _____

Name: Marc Van Rompaey

Title: Chairman of the Board of Directors

**ACKNOWLEDGMENT**

STATE OF _____ )

                                  ) ss:

COUNTY OF _____ )

    On this _Monday the 16th_ day of February, 2004 _Marc Van Rompaey_, the _Chairman of the Board of Directors_ of TherapyEdge, Inc. (f/k/a Intelligent Therapeutic Solutions, Inc.), to me personally known, personally appeared before me and stated that the foregoing instrument was signed on behalf of such corporation pursuant to proper corporate authority, and acknowledged the execution of the instrument as the free act and deed of the corporation.

_____

Notary Public

My Commission Expires:

[SEAL]

## SCHEDULE A

THERAPYEDGE, INC.

| File No. | Country | Serial No. | Filed | Patent No. | Issued | Status |
|---|---|---|---|---|---|---|
| 9045-2 | USA | 09/283,702 | 4/1/1999 | 6,081,786 | 6/27/2000 | Tax due 12/27/2003 |
| 9045-2CT | USA | 09/523,532 | 3/10/2000 | 6,188,988 | 2/13/2001 | Tax due 8/13/2004 |
| 9045-2.AU | Australia | 3461799 | 4/1/1999 | 750822 | 12/12/2002 | Granted |
| 9045-2.BR | Brazil | PI99099063 | 4/1/1999 | | | Published |
| 9045-2.CA | Canada | 2326579 | 4/1/1999 | | | Pending |
| 9045-2.CN | China | 998069914 | 4/1/1999 | | 12/2/2003 | Rejected |
| 9045-2.EP | EPO | | 11/3/2000 | | | Pending |
| 9045-2.IL | Israel | 138620 | 4/1/1999 | | | Pending |
| 9045-2.IN | India | 200000422 | 4/1/1999 | | | Pending |
| 9045-2.JP | Japan | 2000542701 | 4/1/1999 | | | Published |
| 9045-2.MX | Mexico | 009719 | 4/1/1999 | | | Pending |
| 9045-2.SG | Singapore | 2000053728 | 4/1/1999 | 76130 | 9/17/2000 | Granted |
| 9045-2.WO | PCT | PCT/US99/07171 | 4/1/1999 | | | Inactive |

Key Claims

Patent No. 6,081,786 (Parent)

1. A method for guiding the selection of a therapeutic treatment regimen for a patient with a known disease or medical condition, said method comprising: (a) providing patient information to a computing device comprising: a first knowledge base comprising a plurality of different therapeutic treatment regimens for said disease or medical condition; a second knowledge base comprising a plurality of expert rules for evaluating and selecting a therapeutic treatment regimen for said disease or medical condition; a third knowledge base comprising advisory information useful for the treatment of a patient with different constituents of said different therapeutic treatment regimens; and (b) generating in said computing device a ranked listing of available therapeutic treatment regimens for said patient; and (c) generating in said computing device advisory information for one or more therapeutic treatment regimens in said ranked listing based on said patient information and said expert rules.

Patent No. 6,188,988 (Continuation)

1. A method for guiding the selection of a therapeutic treatment regimen for a patient with a chronic known disease or medical condition, said method comprising: (a) providing patient information to a computing device, said patient information including prior therapeutic treatment regimen information for said chronic known disease or medical condition, said computer device comprising: a first knowledge base comprising a plurality of different therapeutic treatment regimens for said disease or medical condition; a second knowledge base comprising a plurality of expert rules for evaluating and selecting a therapeutic treatment regimen for said disease or medical condition; a third knowledge base comprising advisory information useful for the treatment of a patient with different constituents of said different therapeutic treatment regimens; and (b) generating in said computing device from said patient information and said first knowledge base a listing of available therapeutic treatment regimens for said patient; and (c) generating in said computing device advisory information for one or more therapeutic treatment regimens for said patient in said listing based on said patient information and said expert rules.

3/2004 15:12 FAX 6174394170          EDWARDS ANGELL                          ☑001

# Edwards & Angell LLP

101 Federal Street  Boston, MA 02110  617.439.4444  *fax* 617.439.4170
www.EdwardsAngell.com

**Date :** 3/3/2004                                    **Pages (including cover) : ** 6

**Sender :**

| | | | |
|---|---|---|---|
| Name | Peter F. Corless | | |
| Fax | (617) 439-4170 | Phone | (617) 517-5557 |
| Email | pcorless@EdwardsAngell.com | | |

**To :**

| **Name** | **Company** | **Fax** | **Phone** |
|---|---|---|---|
| Assignment Recordation Division | United States Patent & Trademark Office | (703) 306-5995 | (703) 308-9723 |

**If you experience problems receiving this fax, please call** Maggie C. Hamelin at (617) 517-5537.

## Message :

Re: Request for Assignment Recordation for U.S. Patent Nos. 6,081,786 and 6,188,988

Our File No. 50664/0001

Please see attached Assignment Recordation Cover Sheet (1 page) and Assignment (3 pages).

**PATENT
REEL: 014394 FRAME: 0203**

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

Mail to P.O. Box 55874
Boston, MA 02205

Peter F. Corless

617.517.5557
*fax* 617.439.4444
pcorless@EdwardsAngell.com

March 3, 2004

**VIA FACSIMILE**

Mail Stop:  ASSIGNMENT RECORDATION DIVISION
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

      Re:    Request for Assignment Recordation of attached Assignment of Patents document
               Our Reference No. 50664/0001

Dear Sir or Madam:

Enclosed please find the Assignment Recordation Form Cover Sheet and corresponding
assignment document, entitled "Assignment of Patents" for recordation with the United States
Patent Office.

Please forward the enclosed Assignment Recordation Form Cover Sheet and Assignment to the
appropriate department for recordation and return to us.  The $80.00 fee for the recordation
should be charged to our deposit account **04-1105**.

Your early attention to this matter will be greatly appreciated.

Should you have any questions or comments concerning this case and/or the documents, please
let us know at once.

Very truly yours,

Peter F. Corless

Enclosures

PFC/mch

BOS2_435902.1

**PATENT**
**RECORDED: 03/03/2004**      **REEL: 014394 FRAME: 0204**